KAREN L. LOEFFLER
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
222 West 7th Ave, Rm 253, #9
Anchorage, Alaska 99513

ADAM R. SMART
Trial Attorney, Tax Division
U.S. Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 307-6422
Facsimile: (202) 307-0054
Email: Adam.R.Smart@usdoj.gov
       Western.Taxcivil@usdoj.gov

Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DELBERT A. WICKHAM and DORENE WICKHAM, d/b/a CORDOVA HOTEL and BAR,<br><br>Defendants. | Case No. 3:10-cv-00087-RRB<br><br>█████ ORDER GRANTING UNITED STATES' MOTION FOR DEFAULT JUDGMENT AND ENTERING PERMANENT INJUNCTION AGAINST DORENE WICKHAM |

Upon motion by Plaintiff, the United States of America, the Court makes the following findings of fact and conclusions of law and enters this permanent injunction:

United States v. Delbert A. Wickham and
Dorene Wickham, d/b/a Cordova Hotel and Bar
(Case # 3:10-cv-00087-RRB)                          -1-

## Standards for Permanent Injunction

In order to obtain a permanent injunction under Section 7402(a) of the Internal Revenue Code (I.R.C.), 26 U.S.C., the United States must show that an injunction is necessary or appropriate for the enforcement of the internal revenue laws. Alternatively, this Court will issue a permanent injunction upon a showing that (1) that the United States has suffered an irreparable injury; (2) that the remedies available at law are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the United States and Defendants, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

## Findings of Fact

Based on the Complaint, the evidence and the arguments presented by the parties, the Court finds as follows:

1. Delbert A. Wickham and Dorene Wickham, d/b/a Cordova Hotel and Bar, have owned and operated the business of the Cordova Hotel and Bar in Cordova, Alaska since late 1996, although since July 2010, as a result of the death of Delbert Wickham, Dorene Wickham has operated the Cordova Bar and Grill solely.

2. Dorene and Delbert Wickham have failed, and Dorene Wickham continues to fail, to make federal employment tax deposits and to make timely payments of federal taxes due to the Internal Revenue Service ("IRS").

3. The Wickhams' conduct has cost the United States, as of May 31, 2010, over $100,000.00, in lost federal tax revenue, plus penalties and interest.

United States v. Delbert A. Wickham and
Dorene Wickham, d/b/a Cordova Hotel and Bar
(Case # 3:10-cv-00087-RRB)                -2-

Case 3:10-cv-00087-RRB   Document 20   Filed 10/19/10   Page 2 of 8

4. Dorene Wickham has insufficient unencumbered assets to satisfy the outstanding tax liabilities, and further accrual of employment tax liabilities will similarly be unrecoverable.

5. On May 4, 2010, the United States of America filed suit seeking a permanent injunction to enjoin the Wickhams from interfering with the administration of the internal revenue laws pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402. In its complaint the United States is specifically seeking a Court order enjoining Dorene Wickham[1] from, *inter alia*, (a) failing to withhold and timely pay over all future employment taxes, including federal income withholdings, Federal Insurance Contributions Act ("FICA") and Federal Unemployment Tax Act ("FUTA") tax liabilities, required by law; (b) transferring any money or property to any entity or person for the purpose of having that entity pay net salaries or net wages of any employee of Cordova Hotel and Bar; and (c) assigning or transferring any property or making any disbursements for any purpose until the amounts required to be withheld from the wages, salaries, or other compensation of the employees of Cordova Hotel and Bar after such date (whether the wages, salaries, or other compensation are paid by Defendants, Cordova Hotel and Bar, or any other entity) are first paid to the IRS.

6. On May 24, 2010, Dorene Wickham was personally served with a copy of the summons and complaint in this action.

7. That same day Dorene Wickham was also served with a Motion for Preliminary Injunction which was filed with this Court on May 25, 2010.

---

[1] Since Delbert Wickham is recently deceased (*see* Dkt # 14) the United States is now only seeking injunctive relief against Dorene Wickham.

United States v. Delbert A. Wickham and
Dorene Wickham, d/b/a Cordova Hotel and Bar
(Case # 3:10-cv-00087-RRB)               -3-

Case 3:10-cv-00087-RRB   Document 20   Filed 10/19/10   Page 3 of 8

8. Dorene Wickham has not answered the Complaint, responded to the motion for preliminary injunction or otherwise appeared in this case.

9. On June 16, 2010 this Court entered a preliminary injunction against the Wickhams, prohibiting them from, *inter alia*, failing to withhold and timely pay over all future employment taxes, including federal income withholdings, Federal Insurance Contributions Act ("FICA") and Federal Unemployment Tax Act ("FUTA") tax liabilities, required by law.

10. A copy of the preliminary injunction was served on the Wickhams on June 23, 2010.

11. On July 19, 2010 the United States requested entry of default against the Wickhams.

12. Due to the Wickhams' failure to appear in the instant action, the Clerk of Court entered default against both of the Wickhams on July 20, 2010.

13. On September 13, 2010 the United States moved for default judgment and entry of a permanent injunction against Dorene Wickham.

## Conclusions of Law

The Court concludes that after considering the factors identified by the Ninth Circuit in *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986), a default judgment is appropriate. With respect to the merits of the United States' claims, based on the Complaint and the other evidence submitted, the Court concludes that the Dorene Wickham is interfering with the administration of the internal revenue laws. Ms. Wickham is violating 26 U.S.C. §§ 3102, 3111, 3301, 3402, 6011, 6071, 6151, 6302, and 7501. Accordingly, the Court finds that a permanent

United States v. Delbert A. Wickham and
Dorene Wickham, d/b/a Cordova Hotel and Bar
(Case # 3:10-cv-00087-RRB)                -4-

Case 3:10-cv-00087-RRB   Document 20   Filed 10/19/10   Page 4 of 8

injunction under 26 U.S.C. § 7402(a) is necessary and appropriate for the enforcement of the internal revenue laws. The possibility of prejudice to Ms. Wickham is minimal given that the relief sought by the United States merely seeks that Ms. Wickham be required to abide by the law. Similarly, there is no money at stake in the action. Finally, given that Ms. Wickham has failed to appear after being given numerous opportunities to do so, the possibility that the default is the result of excusable neglect is remote, it appears unlikely that there exists a dispute as to the material facts at issue in the case, and the policy favoring decisions on the merits is insufficient to deny the requested relief.

## Order

A.    The Court ORDERS that Dorene Wickham is enjoined from violating 26 U.S.C. §§ 3102, 3111, 3301, 3402, 6011, 6071, 6151, 6302, and 7501.

B.    Further, the Court ORDERS that Dorene Wickham (individually and doing business under any other name, including but not limited to Cordova Hotel and Bar, or using any other entity), and her representatives, agents, servants, employees, attorneys, and anyone in active concert or participation with her, are enjoined from failing to withhold and pay over to the IRS all federal payroll taxes, including federal income withholdings, FICA taxes and FUTA taxes, required by law;

C.    Further, the Court ORDERS that Dorene Wickham file accurate and timely payroll tax returns (Forms 940 and 941) and pay any balance due on those returns upon filing, and for a period of five years from the date of entry of this Order, to send by fax copies of such returns to IRS Revenue Officer Rainer Delaney at 907-456-0498, or whomever the IRS may

United States v. Delbert A. Wickham and
Dorene Wickham, d/b/a Cordova Hotel and Bar
(Case # 3:10-cv-00087-RRB)    -5-

Case 3:10-cv-00087-RRB   Document 20   Filed 10/19/10   Page 5 of 8

designate in his stead, at the same time that she files the originals;

  D. Further, the Court ORDERS that, effective immediately, Dorene Wickham, within three days of making each payroll for Cordova Hotel and Bar (or any other name used to carry on the business of operating a hotel and bar), make employment tax deposits with her bank, and for a period of five years from the date of entry of this Order, on the same day the deposit is made to send by fax to IRS Revenue Officer Rainer Delaney at 907-456-0498, or whomever the IRS may designate in his stead, a receipt for each employment tax deposit and a completed worksheet showing the calculation for each deposit;

  E. Further, the Court ORDERS that Dorene Wickham file a complete and accurate Form 941 for the last quarter of 2009 and file complete and accurate Forms 940 for tax years 2006 and 2009 within thirty (30) days of entry of this permanent injunction;

  F. Further, the Court ORDERS that Dorene Wickham (individually and doing business under any other name, including but not limited to Cordova Hotel and Bar, or using any other entity), and her representatives, agents, servants, employees, attorneys, and anyone in active concert or participation with her, are enjoined from transferring any money or property to any other entity in order to have the salaries or wages of Dorene Wickham's employees paid by the transferee entity;

  G. Further, the Court ORDERS that Dorene Wickham (individually and doing business under any other name, including but not limited to Cordova Hotel and Bar, or using any other entity), and her representatives, agents, servants, employees, attorneys, and anyone in active concert or participation with her, are enjoined from assigning or transferring any property

United States v. Delbert A. Wickham and
Dorene Wickham, d/b/a Cordova Hotel and Bar
(Case # 3:10-cv-00087-RRB)  -6-

Case 3:10-cv-00087-RRB   Document 20   Filed 10/19/10   Page 6 of 8

or property rights or making any disbursements for any purpose from the date this permanent injunction is issued until the payroll tax liabilities, including federal income withholdings, FICA taxes and FUTA taxes, that accrue after the injunction date are paid to the IRS;

H.  Further, the Court ORDERS that Dorene Wickham shall notify the Internal Revenue Service in writing if she begins operating any new business enterprise at any point within five years from the date of entry of this Order;

I.  Further, the Court ORDERS Dorene Wickham, and every other person authorized to sign checks or otherwise make disbursements via money order or any other method from the bank accounts, cash funds and other property used to operate Cordova Hotel and Bar (or any other name used to carry on the business of operating a hotel and bar), for a period of five years from the date of entry of this Order, to fax a statement within twenty (20) days of the date the permanent injunction is issued (or within twenty (20) days of becoming authorized to sign checks or otherwise make disbursements via money order or any other method from the bank accounts, cash funds and other property used to operate Cordova Hotel and Bar if later than twenty (20) days after entry of this Order) with IRS Revenue Officer Rainer Delaney at 907-456-0498, or whomever the IRS may designate in his stead, to the effect that they have read the permanent injunction issued by this Court, that they will personally determine, for each pay period after the date the permanent injunction is issued, that all employment taxes have been fully paid to the IRS by certified or cashier's check prior to signing checks or otherwise disbursing funds, and that they will not assign or transfer any property or rights of property of Dorene Wickham, or of the business of Cordova Hotel and Bar after the date that the permanent

United States v. Delbert A. Wickham and
Dorene Wickham, d/b/a Cordova Hotel and Bar
(Case # 3:10-cv-00087-RRB)                -7-

Case 3:10-cv-00087-RRB   Document 20   Filed 10/19/10   Page 7 of 8

injunction is issued unless all employment taxes, including federal income withholdings and FICA taxes, for every pay period since the date the permanent injunction was issued have been paid; and

      J.      Further, the Court ORDERS Defendants to deliver to all of Dorene Wickham's employees on the date the permanent injunction is entered, a copy of the Court's findings and permanent injunction, and for a period of five years from the date of entry of this Order, to deliver a copy of the Court's findings and permanent injunction to any new employees on the date his or her employment commences.

This Court retains jurisdiction over this case to ensure compliance with this injunction, including authority to punish its violation as contempt of court,

SO ORDERED this __19__ day of __October__, 2010.

                                  /s/ RRB
                                  Honorable Ralph R. Beistline
                                  United States District Judge

United States v. Delbert A. Wickham and
Dorene Wickham, d/b/a Cordova Hotel and Bar
(Case # 3:10-cv-00087-RRB)        -8-

Case 3:10-cv-00087-RRB   Document 20   Filed 10/19/10   Page 8 of 8